UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KOCH AND SCHMIDT, L.L.C.** | * | **CIVIL ACTION NO.** |
| | * | |
| **Petitioner** | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **OFFSHORE DOMESTIC GROUP,** | * | |
| **LLC and WILLIAM M. KALLOP** | * | **MAGISTRATE JUDGE** |
| **Defendants** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Koch and Schmidt, L.L.C., who files this Complaint against defendants, Offshore Domestic Group, L.L.C. and William M. Kallop as follows:

### PARTIES

1.

Plaintiff, Koch and Schmidt L.L.C. ("KS"), is a Louisiana limited liability company in the business of providing legal services. KS is authorized and doing business in Louisiana.

2.

Offshore Domestic Group, L.L.C. ("ODG") is a Delaware limited liability company with its principal place of business in Houston, Texas. ODG was at all times material doing business in Louisiana and was the owner of Offshore Specialty Fabricators, LLC ("OSF").

3.

Defendant, William M. Kallop ("Kallop"), is a person of the full age of majority and resident of Houston, Texas. Mr. Kallop was the sole manager of OSF and was the sole manager of ODG.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, due to the fact that (1) diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000. Specifically, Defendants owe outstanding invoices in the collective amount of $182,150.00 to KS.

5.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana.

## FACTS

6.

On April 17, 2017, Kallop engaged KS to represent Offshore Fabrication Services, LLC, in connection with various claims pending against it in the United States District Court for the Eastern District of Louisiana. This representation was for the benefit of ODG, owner of OSF, for Kallop, owner of ODG and for OSF.

7.

In further of the requested representation, the parties entered into an engagement letter which provided the terms of KS's representation. This letter was signed by Kallop in his individual capacity and as the authorized representative of OSF and ODG.

8.

Pursuant to its engagement, KS provided substantial legal services to OSF for which it issued monthly invoices. While some payments were made toward these invoices, there remains

an outstanding balance of one hundred and eighty-two thousand and one hundred and fifty dollars and 00/100 ($182,150.00) for services rendered and cost incurred.

9.

The following unpaid invoices were issued by KS for work and expenses incurred in connection with its representation and these services and costs were incurred at the instruction of and for the benefit of Kallop, OSF and ODG.

| Invoice # | Invoice Date | Amount |
| --- | --- | --- |
| 12641 | June 1, 2017 | $255.22[1] |
| 12693 | June 29, 2017 | $3,597.26 |
| 12695 | June 30, 2017 | $33,042.47[2] |
| 12724 | July 18, 2017 | $3,091.47 |
| 12723 | July 18, 2017 | $16,329.68 |
| 12767 | August 2, 2017 | $1,195.00 |
| 12766 | August 2, 2017 | $28,062.50 |
| 12778 | September 1, 2017 | $4,769.62 |
| 12777 | September 1, 2017 | $24,814.00 |
| 12827 | September 22, 2017 | $40,615.03 |
| 12828 | September 22, 2017 | $7,630.75 |
| 12831 | September 27, 2017 | $17,252.00 |
| 12832 | September 27, 2017 | $1,495.00[3] |

---

[1] Invoice 12641 was partially paid. The amount shown is the remaining unpaid balance.
[2] Invoice 12695 was partially paid. The amount shown is the remaining unpaid balance.
[3] *See* Exhibit B.

10.

On September 27, 2017, KS sent a request for payment of these invoices to Kallop. The request was sent by electronic and First Class Mail.

11.

Kallop did not respond to this request and KS re-sent its request for payment to Kallop by certified mail, return receipt requested. The letter was returned as having been refused.

## COUNT I
## SUIT ON OPEN ACCOUNT

12.

KS re-incorporates the allegations in the preceding paragraphs as if fully set forth herein.

13.

The unpaid amount for the services performed by KS is $182,150.00 and constitutes an open account under Louisiana Revised Statute § 9:2781.

14.

A demand pursuant to Louisiana Revised Statute § 9:2781 was made on Defendants on September 27, 2017 for the amount owed. Because Defendants failed to pay the open account within thirty (30) days after KS sent the September 27, 2017 written demand, KS is be entitled to reasonable attorneys' fees, pursuant to Louisiana Revised Statute § 9:2781, in addition to the amount demanded, for the prosecution and collection of this claim.

15.

Defendants are indebted to KS in the amount of $182,150.00, plus reasonable attorney's fees, legal interest and court costs for the prosecution of this suit.

## COUNT II
## UNJUST ENRICHMENT

16.

KS re-incorporates the allegations in the preceding paragraphs as if fully set forth herein.

17.

In the alternative, KS states that Defendants were unjustly enriched by the services rendered to the impoverishment of KS and that KS remains unpaid and damaged without justification, and that KS is entitled to recover under the doctrine of unjust enrichment, as recognized in Louisiana law and jurisprudence, and is entitled to the principal amount owed, and any damages, expenses, and attorney's fees allowable under the law.

## COUNT III
## QUANTUM MERUIT

18.

KS re- incorporates the allegations in the preceding paragraphs as if fully set forth herein.

19.

In the alternative, KS states that KS remains unpaid for various services rendered pursuant to the agreement between KS and Defendants and that KS is entitled to recover the principal amount owed, and any damages, expenses, and attorney's fees allowable under the doctrine of quantum meruit for those services, as recognized in Louisiana law and jurisprudence.

## COUNT IV
## DETRIMENTAL RELIANCE

20.

KS re- incorporates the allegations in the preceding paragraphs as if fully set forth herein.

21.

In the alternative, KS pleads that it justifiably relied upon Defendants' actions and communications in which Defendants represented and directed that KS should perform certain legal services, with the understanding that KS would be paid for or receive credit for such services. Due to said reliance, KS performed the legal services, and has not been paid. Accordingly, KS pleads that it is entitled to full recovery under detrimental reliance as recognized under the law and jurisprudence of the State of Louisiana, and for the principal amount, all damages, expenses, and attorney's fees which may be recoverable under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, Koch and Schmidt LLC prays that summons and service of process be issued upon Defendants, William M. Kallop and Offshore Domestic Group, LLC requiring Defendants to appear and answer the same, and that after due proceedings had, that there be judgment herein in favor of Plaintiff, Koch and Schmidt L.L.C. and against Defendants for all relief prayed, for all damages that are reasonable in the premises, legal interest from date of judicial

demand, attorney's fees, and all costs of these proceedings, and for all other further and equitable relief to which the Plaintiff may be entitled.

                Respectfully submitted,
                **KOCH & SCHMIDT, L.L.C.**

                */s/ R. Joshua Koch, Jr.*
                R. Joshua Koch, Jr. (La. Bar No. 7767)
                Jennifer E. Barriere (La. Bar No. 34435)
                650 Poydras Street, Suite 2660
                New Orleans, LA  70130
                Tel: (504) 208-9040
                Fax: (504) 208-9041
                Email: jkoch@kochschmidt.com
                    jbarriere@kochschmidt.com
                *Attorneys for Plaintiff*

**PLEASE SERVE**:

1. OFFSHORE DOMESTIC GROUP, LLC
   Via the Long Arm Statute of Louisiana
   Through its Registered Agent
   Corporation Service Company
   251 Little Falls Drive
   Wilmington, Delaware  19808

2. WILLIAM M. KALLOP
   Via the Long Arm Statute of Louisiana
   1708 River Oaks Blvd.
   Houston, Texas  77019-3108